DANIEL G. BOGDEN
United States Attorney
PHILLIP N. SMITH, JR.
Nevada State Bar Number 10233
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
phillip.smith@usdoj.gov
REBECCA J. SABLE
Trial Attorney
United States Department of Justice, Tax Division
601 D Street N.W.
P.O. Box 972
Washington, D.C. 20044
(202) 616-3337
rebecca.j.sable@usdoj.gov

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
### -oOo-

UNITED STATES OF AMERICA,                )   Case No.: 2:14-cr-232-GMN-NJK
                                         )
            Plaintiff,                   )
                                         )   GOVERNMENT'S RESPONSE TO
       vs.                               )   DEFENDANT'S MOTION TO DISMISS
                                         )   INDICTMENT (DOC. #45) AND
                                         )   DEFENDANT'S SUPPLEMENT TO
FREDERICK JOHN RIZZOLO,                   )   MOTION TO DISMISS INDICTMENT
                                         )   (DOC. #49) AND DEFENDANT'S SECOND
                                         )   SUPPLEMENT TO MOTION TO DISMISS
            Defendant.                   )   INDICTMENT (DOC. #55)
_____  )

       COMES NOW, the United States of America, by and through its attorneys, DANIEL G.

BOGDEN, United States Attorney, Phillip N. Smith, Jr., Assistant United States Attorney, and

REBECCA J. SABLE, Trial Attorney, United States Department of Justice, Tax Division, and

files this timely response in OPPOSITION to the *Motion to Dismiss Indictment* (Doc. #45),

*Supplement to Motion to Dismiss Indictment* (Doc. #49) and *Second Supplement to Motion to*

*Dismiss Indictment* (Doc. #55), filed on November 25, 2015, December 22, 2015, and February 2, 2016, respectively, by defendant FREDERICK JOHN RIZZOLO ("the Defendant"), by and through his attorneys Richard R. Tanasi, Esq. and Sigal Chattah, Esq., seeking to dismiss the Indictment.

## I.      STATEMENT OF RELEVANT FACTS

### A.  Overview of the Charges

The Defendant is charged via an Indictment with two counts of *Willful Attempt to Evade and Defeat the Payment of Tax*, in violation of 26 U.S.C. § 7201.  Doc. #1.  Specifically, Count One of the Indictment alleges that from on or about June 28, 2006, through on or about May 31, 2011, the Defendant evaded the payment of $1,723,340 in employment taxes for the calendar years 2000 through 2002, by concealing and attempting to conceal his assets from the IRS, making false statements to the IRS, placing funds and property in the name of nominees and placing funds and property beyond the reach of process.  Count Two of the Indictment alleges that from on or about March 31, 2008, through on or about May 31, 2011, the Defendant evaded the payment of $861,075 in individual income tax for calendar year 2006, by the same manner and means described above.  Importantly, prior to the current Indictment, the Defendant has never been charged with either offense.

### B.  Background of Prior Case

Since at least January 2000, the Defendant owned an entity called The Power Company, Inc., which did business as The Crazy Horse Too ("the Club"), a very successful topless dancers club in Las Vegas, Nevada.  In the early 2000s, the federal government (including the IRS) began

2

investigating the Defendant, his father Bart (a purported 10% owner) and certain employees of the club for, *inter alia*, employment tax violations.

Beginning in January 2000 and continuing through 2002, the Defendant and others at the Club made cash payments to certain employees as supplemental income, including floormen, bouncers, bartenders and shift managers, but they failed to report or maintain accurate records of these payments to the Club's bookkeepers.  As a result, the Defendant assisted in the filing of false Employer's Quarterly Federal Tax Returns (Forms 941) with the IRS.  For the twelve quarters extending from January 2000 through December 2002, the Defendant and the Club owed an additional $1,734,000 in unpaid employment taxes to the IRS.

At the same time that the Defendant was being investigated for employment tax crimes by the IRS, federal authorities were also investigating the Defendant and The Power Company, Inc. for other Title 18 offenses including racketeering violations.

### 1. Prior Guilty Plea

On June 1, 2006, as part of a global plea agreement, the Defendant entered a pre-indictment plea to conspiracy to defraud the United States by impeding, impairing, obstructing and defeating the lawful functions of the IRS in the ascertainment, computation, assessment and collection of income and employment taxes from January 1, 2000 through 2005, in violation of 18 U.S.C. § 371. The Power Company, Inc. pleaded guilty to conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d).

As part of the Defendant's and The Power Company, Inc.'s plea agreements, they agreed to pay restitution to the IRS in the amount of $1,734,000, which represented both the employees' and employer's share of employment taxes from 2000 through 2002, of which the Defendant and

the Club had evaded assessment.  As part of the plea agreement, the Defendant personally, and as the president of The Power Company, Inc., signed a closing agreement with the IRS that allowed the IRS to assess the $1,734,000 restitution amount.

In addition to the tax restitution, The Power Company, Inc. also agreed to pay $10 million in restitution to Kirk and Amy Henry upon the sale of the Club for injuries and damages to Kirk Henry sustained at the Club.  The Defendant and The Power Company, Inc. agreed to sell the Club within 12 months of the entry of the guilty plea.  Further, The Power Company, Inc. agreed to forfeit a total of $4.25 million.  On June 28, 2006, the Court entered an Order of Forfeiture as to The Power Company, Inc., creating a personal money forfeiture judgment of $4,250,000 under Fed. R. Crim. P. 32.2(b)(1).

On January 23, 2007, the Defendant was sentenced to one year and one day in prison, three years of supervised release, and a $250,000 fine.  The Power Company, Inc. was sentenced to five years of probation and a $500,000 fine.  The Court held the Defendant and The Power Company, Inc. jointly and severally responsible for making restitution to the IRS.  *See United States v. Power Company, Inc., doing business as THE CRAZY HORSE TOO and FREDERICK JOHN RIZZOLO*, No. 06-CR-186, 2008 U.S. Dist. LEXIS 29086, 2008 WL 612207 (D. Nev. Feb. 28, 2008) ("Case No. 06-cr-186").

### 2. Attempted Sale of the Club

The parties had anticipated that the Defendant's $4.25 million forfeiture judgment would be satisfied through the sale of the Club.  However, when the Defendant failed to sell the Club within the year given to him to do so under the plea agreement, the parties agreed to substitute the Club and the property on which it sat for the United States to sell.  Any proceeds were to be applied

4

to all of the Defendant's outstanding obligations, including the $1,734,000 restitution to the IRS. Through no fault of its own, the United States was also unable to sell the property over the next two years. Ultimately, on or about July 1, 2011, an entity that held a priority interest in the Club and the property foreclosed on both for $3 million.

Because the sale of the Club did not yield sufficient funds to satisfy the Defendant's $4,250,000 forfeiture obligation, that obligation was not extinguished merely by substitution of assets. The criminal forfeiture money judgment of $4,250,000 is still outstanding and the Government may pursue substitution and forfeiture pursuant to Fed. R. Crim. P. 32.2(e) and 18 U.S.C. § 1963(m). In fact, as recently as October 27, 2015, the Court authorized the substitution and forfeiture of $50,000 pursuant to 18 U.S.C. § 1963(m). *See Power Company, Inc.,* No. 06-CR-186, Doc. 555.

### 3. Revocation of Supervised Release

On July 21, 2011, U.S. District Court Judge Philip Pro found the Defendant in violation of the conditions of his supervised release for failing to submit truthful and complete written reports each month, incurring new credit charges, opening additional lines of credit or negotiating or consummating any financial contracts without approval, and failing to cooperate and arrange with the IRS to pay all past and present taxes, interest and penalties owed, file timely returns, and showing proof of the same to his probation officer. Judge Pro sentenced the Defendant to an additional nine months in prison, requiring him to self-surrender on September 14, 2011.

The Defendant appealed his revocation of supervised release to the Ninth Circuit Court of Appeals. On April 3, 2012, the Ninth Circuit affirmed the sentence and determined that Judge Pro had not abused his discretion. *United States v. Rizzolo,* 472 Fed. Appx. 638 (9th Cir. 2012).

### C.  Defendant's 2006 Income Tax Liability

Meanwhile, on December 10, 2007, while still incarcerated, the Defendant filed his individual income tax return for tax year 2006 with the IRS.  The return was prepared by a tax preparer and the Defendant self-assessed his personal income tax liability of $921,495.  The only payment that went towards this self-assessment was withholding in the amount of $98,832.  Count Two of the current Indictment relates to the Defendant's evasion of payment of $861,075 of this tax, which relates to the self-assessed tax and an estimated tax penalty of $38,412 as reported on his return.  The IRS also issued Intent to Levy Collection Due Process Notices and collected an additional $16,471.

### D.  Procedural History

On July 9, 2014, a federal grand jury returned an Indictment against the Defendant alleging two counts of Attempt to Evade and Defeat the Payment of Tax, in violation of Title 26, United States Code, Section 7201.  Doc. #1.  On November 25, 2015, the Defendant filed a Motion to Dismiss ("Defendant's Motion").  Doc. #45.  The instant Response by the Government to the Defendant's Motion is due September 22, 2016.  Doc. #74.  On December 22, 2015, the Defendant filed a Supplement to his Motion to Dismiss ("Defendant's Supplement").  Doc. #49.  On February 2, 2016, the Defendant filed a Second Supplement to his Motion to Dismiss ("Defendant's Second Supplement").  Doc. #55.

### E.  The Defendant's Motion

The Defendant asserts three main arguments in his Motion to Dismiss, two of which are based on double jeopardy grounds and the third of which is that the Defendant is the subject of vindictive prosecution.  First, the Defendant argues that his previously pleading guilty to a

conspiracy charge in violation of 18 U.S.C. § 371 in Case No. 06-cr-186 makes his failure to pay his 2000 to 2002 employment taxes and 2006 individual income tax a single offense.  Next, the Defendant argues that he has already been punished for both counts alleged in the current Indictment.  Finally, the Defendant argues that the timing of the Indictment after the Defendant demanded an offset for the restitution and forfeiture orders in Case No. 06-cr-186 reflects a likelihood of vindictiveness.  The Defendant's Supplement argues further that the instant prosecution is barred by the constitutional prohibition against double jeopardy and that he is being subjected to excessive punishment.  The Second Supplement argues further that the Defendant is the subject of vindictive prosecution, and it also contains a demand for additional discovery.  The Government submits that all of the Defendant's arguments are without merit and should be denied.

## II.   DOUBLE JEOPARDY

### A.  Legal Standard

The Double Jeopardy Clause of the Fifth Amendment prohibits the Government from "punishing twice, or attempting a second time to punish criminally for the same offense." *United States v. Hickey*, 367 F.3d 888, 891 (9th Cir. 2004) (quoting *United States v. Ursery*, 518 U.S. 267, 273 (1996)); *see also* U.S. Const. amend. V ("[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb.").

To determine whether the second offense is the same as the first, courts analyze the offenses under the *Blockburger* test.  *Blockburger v. United States*, 284 U.S. 299, 304 (1932).  In *Blockburger*, the Supreme Court held that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other

did not. *Id.* Double jeopardy is not implicated if each violation requires proof of an element which the other did not. *United States v. Vargas-Castillo*, 329 F.3d 715, 720 (9th Cir. 2003).

**B. The Current Indictment Does Not Violate the Prohibition Against Double Jeopardy**

**1. Count One of the Indictment**

With respect to Count One, the Defendant asserts that by pleading guilty to conspiring to impede, impair, obstruct and defeat the lawful functions of the IRS with respect to the ascertainment, computation, assessment and collection of employment taxes, the Government is foreclosed from subsequently charging him with evading the payment of employment taxes for the same years (2000 through 2002) involved in the conspiracy. The Defendant correctly identifies that *Blockburger* controls, but he then misapplies the *Blockburger* test to the facts present in the instant case. Consequently, his argument fails for two reasons: first, conspiracy and tax evasion each require proof of an element which the other does not; and second, the conduct alleged in Count One is temporally and factually distinct from that to which the Defendant previously pled guilty.

First, conspiracy to defraud the United States and tax evasion each has elements not found in the other. For a tax evasion prosecution, the Government must establish the following elements: (1) willfulness; (2) existence of a tax deficiency; and (3) an affirmative act constituting an evasion or attempted evasion of the tax. *See, e.g.*, *United States v. Voorhies*, 658 F.2d 710, 713 (9th Cir. 1981). To establish a conspiracy to defraud the United States, the Government must establish the following elements: (1) an agreement between two or more persons to achieve an unlawful objective; (2) an overt act in furtherance of the illegal purpose; and (3) the requisite intent to defraud the United States. *See, e.g.*, *United States v. Touhey*, 867 F.2d 534, 537 (9th Cir. 1989).

8

Among other differences, tax evasion requires proof of a tax deficiency.  Conspiracy does not.  For that reason alone, the Defendant's assertion that Count One of the Indictment violates his right against double jeopardy fails.  In addition, it is well settled that a conspiracy to commit a substantive offense and the substantive offense are two separate and distinct crimes.  *Pinkerton v. United States*, 328 U.S. 640, 643 (1946).

Aside from the *Blockburger* analysis, the conduct alleged in Count One of the Indictment in the instant case is separate and distinct from that to which the Defendant pled guilty in 2006. The conspiracy to defraud the United States to which the Defendant pled guilty involved, *inter alia*, the Defendant's assistance in underreporting the true amount of wages earned by employees of the Club to the IRS. In other words, the Defendant's conduct obstructed, impeded and impaired the IRS's ability to *assess* the proper amount of employment taxes due by the Club and its employees.  Count One of the instant Indictment, however, alleges that the Defendant willfully evaded the *payment* of the employment taxes from June 28, 2006 through May 31, 2011, by committing various affirmative acts.  Importantly, the beginning date of this evasion was *after* the Defendant pled guilty in the 2006 case.  So although the tax deficiency is the same that existed in the former prosecution, the Defendant continued on to commit affirmative acts of evasion separate and distinct from those alleged in his original plea agreement.

Further, in support of his double jeopardy argument, the Defendant argues that he was not obligated to make payments toward restitution and forfeiture at any time prior to the closing of the sale of the Club.  While this may be true as to The Power Company, Inc. based on The Power Company, Inc.'s plea memorandum, the Defendant's plea memorandum does not state the same. *See Power Company, Inc.,* No. 06-CR-186, Docs. 7 and 8.

Finally, on November 20, 2013, the Court determined that the Defendant had not satisfied his obligations to the IRS merely by operation of the substitution of assets. *Id.* at Doc. 514.[1]  On appeal, the Ninth Circuit affirmed that determination.  *United States v. Power Co.*, 601 Fed. Appx. 526 (9th Cir. 2015).

## 2.   Count Two of the Indictment

Count Two of the Indictment alleges that the Defendant evaded the payment of his individual income tax for tax year 2006.  The Defendant did not plead guilty to any crime related to his 2006 individual income tax, nor did his plea agreement contemplate any coverage of that tax year.  As such, the Defendant's 2006 individual income tax liability was not the subject of a restitution order entered following his guilty plea in the 2006 case.  Nevertheless, the Defendant attempts to briefly, and confusingly, argue that his evasion of payment of employment taxes for 2000 through 2002 and his evasion of payment of individual income tax for 2006 constituted a single offense.  In support of this assertion, the Defendant relies on the First Amended Order of Forfeiture filed by the Court on June 24, 2008, where the Court established an order of distribution of proceeds.  Because the IRS had a tax lien against the Defendant for his unpaid 2006 individual income taxes, it was listed in the order of distribution.  The fact that the IRS was required to preserve its ability to collect on the Defendant's 2006 individual income tax liability, and did so, did not afford the Defendant the right to continue to evade the payment of that tax with impunity,

---

[1] The issues argued in this Motion were also previously litigated in *Power Company, Inc.,* No. 06-CR-186, during the Defendant's revocation of supervised release hearing (affirmed by the Ninth Circuit at *United States v. Rizzolo*, 472 Fed. Appx. 638 (9th Cir. 2012)), Order Denying Defendant's Emergency Motion to Enforce Plea Agreements and Require U.S. Marshal to Obtain a Liquor License and Reopen the Business of the Club, Doc. 226, and Order Denying Alternate Motion to Appoint Receiver of the Club's Business, *id.*

nor did it constitute him pleading guilty to an offense that would bar a successive prosecution or would constitute "punishment" for such conduct.  In sum, the Defendant fails to explain how Count Two of the Indictment meets the *Blockburger* test.

## III.   VINDICTIVE PROSECUTION

### A.  Legal Standard

The Due Process Clause of the Fifth Amendment prohibits a prosecutor from vindictively prosecuting a defendant for the defendant's exercise of a statutory, procedural, or other protected right. *Blackledge v. Perry*, 417 U.S. 21, 27 (1974).  However, the Supreme Court has held that "exceptionally clear proof" is required before a court may infer an abuse of prosecutorial discretion. *McCleskey v. Kemp*, 481 U.S. 279, 297 (1987).  Because courts ordinarily presume that public officials have properly discharged their official duties, a defendant who contends that a prosecutor made a charging decision in violation of defendant's constitutional rights has a demanding standard of proof.  *Nunes v. Ramirez-Palmer*, 485 F.3d 432, 441 (9th Cir. 2007) (internal citations omitted); *see also United States v. Mathur*, 2012 U.S. Dist. LEXIS 107187, 2012 WL 3135548 (D. Nev. June 8, 2012).

To establish a prima facie case of prosecutorial vindictiveness, "a defendant must show either direct evidence of actual vindictiveness or facts that warrant an appearance of such." *United States v. Lopez*, 474 F.3d 1208, 1211 (9th Cir. 2007).  A defendant may establish prosecutorial vindictiveness by producing *direct* evidence of the prosecutor's punitive motivation toward him. *United States v. Jenkins*, 504 F.3d 694, 699 (9th Cir. 2007).  Alternatively, a defendant is entitled to a presumption of vindictiveness if he can show that charges were filed because he exercised a statutory, procedural, or constitutional right in circumstances that give rise to an appearance of

11

1    vindictiveness.  *Id.*  "[T]he appearance of vindictiveness results only where, as a practical matter,

2    there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred

3    but for hostility or a punitive animus towards the [d]efendant because he has exercised his specific

4    legal rights."  *Id.* at 700.  A defendant must prove an improper prosecutorial motive through

5    objective evidence before any presumption of vindictiveness attaches.  *United States v. Montoya*,

6    45 F.3d 1286, 1299 (citing *United States v. Goodwin*, 457 U.S. 368, 380 n.12 (1982)).

7        Once a presumption of vindictiveness arises, the burden shifts to the prosecution to show

8    that "independent reasons or intervening circumstances dispel the appearance of vindictiveness

9    and justify its decisions."  *United States v. Hooton*, 662 F.2d 628, 634 (9th Cir. 1981), *cert. denied*,

10   455 U.S. 1004 (1982); *see also Blackledge*, 417 U.S. at 29 n.7; *Garza-Juarez*, 992 F.2d at 906;

11   *United States v. Ruesga-Martinez*, 534 F.2d 1367, 1369-70 (9th Cir. 1976).

12       **B.  The Defendant Fails to Demonstrate Vindictive Prosecution**

13       The Defendant argues in his Motion to Dismiss, p. 36, and his Second Supplement, p. 5,

14   that the grand jury indicted him in the instant case in response to his Motion to Clarify or in the

15   Alternative Reduce Restitution in Case No. 06-cr-186,[2] in order to allow the Government to avoid

16   providing an accurate accounting for amounts due by the Defendant.  The Defendant claims that

17   the Government received funds, and then failed to account for and apply said funds to the

18   Defendant's debts.  Defendant's Motion, p. 37.

19       Here, the Defendant has not satisfied either prong of the test to determine whether or not a

20   particular prosecution is vindictive.  The Defendant has provided absolutely no direct evidence of

21

22   [2] *Power Company, Inc.,* No. 06-CR-186, Doc. 506.

23                                    12

24

1   vindictiveness or cited any evidence that objectively provides the appearance of vindictiveness.

2   Moreover, the Government retains broad prosecutorial discretion and the Supreme Court has made

3   it clear that the discretionary decisions of prosecutors are "particularly ill-suited for judicial

4   review." *Wayte*, 470 U.S. at 607.  This is because as representatives of the co-equal executive

5   branch of government, the prosecution's authority to bring charges against a defendant is founded,

6   *inter alia*, on the principle of separation of powers, and generally is not subject to supervision by

7   the judicial branch.  Here there is no proof of an abuse of prosecutorial discretion, let alone

8   "exceptionally clear proof" as required by *McCleskey v. Kemp*, *supra*.

9         Although not required, the Government can show here that sufficient independent reasons

10  or intervening circumstances dispel any appearance of vindictiveness and justify its prosecutorial

11  decisions.  While the Defendant submits that he was indicted in response to exercising his right to

12  file a motion with the Court, the Indictment alleges criminal conduct that spanned a time period of

13  years.  As stated above, the Indictment alleges that the Defendant owes the IRS $1,723,340.31 in

14  employment taxes for the calendar years 2000 through 2002.  From June 28, 2006 and continuing

15  up to and including May 31, 2011, the Defendant concealed and attempted to conceal from the

16  IRS the nature and extent of his assets and the location thereof; by making false statements to

17  agents and employees of the IRS; by placing funds and property in the names of nominees; and by

18  placing funds and property beyond the reach of process.

19        Additionally, the Defendant in fact owes the IRS $861,075 in individual income tax for

20  calendar year 2006.  From March 31, 2008 and continuing up to and including May 31, 2011, the

21  Defendant concealed and attempted to conceal from the IRS the nature and extent of his assets and

22  the location thereof; by making false statements to agents and employees of the IRS; by placing

23

24

13

funds and property in the names of nominees; and by placing funds and property beyond the reach of process. These are substantive and significant criminal acts that formed an entirely independent basis to bring a new criminal case against the Defendant despite the fact that he had been previously prosecuted for other conduct. The Defendant has therefore failed to show that the instant prosecution is vindictive.

### Conclusion

The instant Indictment does not violate the Defendant's right against double jeopardy because each count sets forth criminal conduct separate and apart from each other and from his initial criminal case. Likewise, the Defendant fails to make the requisite showing that the government acted vindictively in bringing the instant prosecution against him. For those reasons, the United States respectfully submits that the Court should deny the Defendant's Motion, Supplement, and Second Supplement.

Dated this the 22nd day of September, 2016.

Respectfully Submitted,

DANIEL G. BOGDEN
United States Attorney

/s/ Rebecca J. Sable
REBECCA J. SABLE
Trial Attorney
United States Department of Justice,
Tax Division


PHILLIP N. SMITH, JR.
Assistant United States Attorney

14

**CERTIFICATION**

This is to certify that the undersigned has timely filed and served the Defendant with a copy of Government's Response to Defendant's Motion to Dismiss Indictment, Supplement to Motion to Dismiss Indictment and Second Supplement to Motion to Dismiss Indictment by means of ECF filing.

DATED:          September 22, 2016.

//s//

_____

REBECCA J. SABLE
Trial Attorney
Department of Justice, Tax Division

15