STEVEN W. MYHRE
Acting United States Attorney
PHILLIP N. SMITH, JR.
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336 / Fax: (702) 388-6418
phillip.smith@usdoj.gov
REBECCA J. SABLE
Trial Attorney
United States Department of Justice, Tax Division
601 D Street N.W.
P.O. Box 972
Washington, D.C. 20044
(202) 616-3337
rebecca.j.sable@usdoj.gov

Attorneys for the Plaintiff

FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

JUN - 8 2017

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:                    DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) |
| FREDERICK JOHN RIZZOLO, | ) |
| Defendant. | ) |

2:14-CR-232-GMN-NJK

**BINDING PLEA AGREEMENT UNDER FED. R. CRIM. P. 11(c)(1)(A) and (C)**

Plaintiff United States of America, by and through STEVEN W. MYHRE, Acting United States Attorney, Phillip N. Smith, Jr., Assistant United States Attorney for the District of Nevada, Rebecca J. Sable, Trial Attorney for the U.S. Department of Justice Tax Division, and the Defendant FREDERICK JOHN RIZZOLO and the Defendant's attorneys, Richard E. Tanasi, Esq. and Sigal Chattah, Esq., submit this Plea Agreement under Fed. R. Crim. P. 11(c)(1)(A) and (C), which is binding on the Court.

1

## I.      SCOPE OF AGREEMENT

The parties to this Plea Agreement are the United States of America and FREDERICK JOHN RIZZOLO ("the Defendant").  This Plea Agreement, if accepted, binds the Defendant, the United States Attorney's Office for the District of Nevada, and the Court.  It does not bind any other prosecuting, administrative, or regulatory authority, or the United States Probation Office.

The Plea Agreement sets forth the parties' agreement regarding the criminal charge referenced in the Plea Agreement and the applicable sentence, fine, and restitution.  It does not control or prohibit the United States or any agency or third party from seeking any other civil or administrative remedies directly or indirectly against the Defendant.  In the event that the Defendant is required to meet with a Revenue Agent of the Internal Revenue Service ("IRS") to determine any civil tax liability, the Defendant reserves the right and does not waive his full administrative appeal rights to the IRS.

## II.     DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS

A.      <u>Guilty Plea</u>.  The Defendant knowingly and voluntarily agrees to plead guilty to the following charge as set forth in the Criminal Indictment filed on July 9, 2014:

<u>Count One</u>:      Attempt to Evade and Defeat the Payment of Tax, in violation of Title 26, United States Code, Section 7201.

The Government will dismiss the remaining count of the Indictment against the Defendant after the imposition of sentence.

B.      <u>Waiver of Trial Rights</u>.  The Defendant acknowledges that he has been advised and understands that by entering a plea of guilty he is waiving -- that is, giving up -- certain rights guaranteed to all defendants by the laws and the Constitution of the United States.  Specifically, the Defendant is giving up:

1.      The right to proceed to trial by jury on all charges, or to a trial by a judge if the Defendant and the United States both agree;

2.     The right to confront the witnesses against the Defendant at such a trial, and to cross-examine them;

3.     The right to remain silent at such a trial, with assurance that his silence could not be used against him in any way;

4.     The right to testify in his own defense at such a trial if he so chooses;

5.     The right to compel witnesses to appear at such a trial and testify in the Defendant's behalf; and

6.     The right to have the assistance of an attorney at all stages of such proceedings.

C.     <u>Withdrawal of Guilty Plea</u>. **As this is a binding plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that either the Defendant or the Government may withdraw from this plea agreement in the event that the Defendant is sentenced to more or less than twenty-four (24) months of imprisonment.  Provided that the Defendant is sentenced to twenty-four (24) months of imprisonment, the Defendant will not seek to withdraw his guilty plea after he has entered it in court.**

D.     <u>Additional Charges</u>.  The United States agrees not to bring any additional charges against the Defendant arising out of the investigation in the District of Nevada that culminated in this Plea Agreement and based on conduct known to the United States.

III.   **ELEMENTS OF THE OFFENSE**

The elements of Attempt to Evade and Defeat the Payment of Tax (as charged in Count One of the Criminal Indictment) under 26 U.S.C. § 7201 are:

1.   The Defendant had an income tax deficiency for the calendar years 2000 through 2002, to the extent he owed income tax to the United States;

2.   The Defendant made an affirmative attempt to evade or defeat the payment of the income tax; and

3.  In attempting to evade or defeat the payment of the income tax, the Defendant acted

willfully.

*See United States v. Kayser*, 488 F.3d 1070, 1073 (9th Cir. 2007); *United States v. Mal*, 942 F.2d 682, 684 (9th Cir. 1991).

## IV.   FACTS SUPPORTING GUILTY PLEA

A.      The Defendant will plead guilty because he is, in fact and under the law, guilty of the crime charged.

B.      The Defendant acknowledges that if he elected to go to trial instead of pleading guilty, the United States could prove his guilt beyond a reasonable doubt.   The Defendant further acknowledges that his admissions and declarations of fact set forth below satisfy every element of the charged offense.

C.      The Defendant waives any potential future claim that the facts he admitted in this Plea Agreement were insufficient to satisfy the elements of the charged offense.

D.      The Defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

Since at least January 2000, the Defendant owned an entity called The Power Company, Inc., which did business as The Crazy Horse Too ("the Club"), a very successful topless dancers club in Las Vegas, Nevada.   Beginning in January 2000 and continuing through 2002, the Defendant and others at the Club made cash payments to certain employees as supplemental income, including floormen, bouncers, bartenders and shift managers, but they failed to report or maintain accurate records of these payments to the Club's bookkeepers.   As a result, the Defendant assisted in the filing of false Employer's Quarterly Federal Tax Returns (Forms 941) with the IRS.   For the twelve quarters extending from January 2000 through December 2002, the Defendant and the Club owed an additional $1,734,000 in unpaid employment taxes to the IRS.   On June 1, 2006, as part of a global plea

agreement, the Defendant entered a pre-indictment plea to conspiracy to defraud the United States by impeding, impairing, obstructing and defeating the lawful functions of the IRS in the ascertainment, computation, assessment and collection of income and employment taxes from January 1, 2000 through 2005, in violation of 18 U.S.C. § 371.  See United States v. Power Company, Inc., doing business as THE CRAZY HORSE TOO and FREDERICK JOHN RIZZOLO, No. 06-CR-186, 2008 U.S. Dist. LEXIS 29086, 2008 WL 612207 (D. Nev. Feb. 28, 2008) ("Case No. 06-cr-186").

Knowing that he owed the employment taxes, RIZZOLO took affirmative steps in order to evade the payment of the tax owed to the United States.   These affirmative acts included the concealment of his assets and income by using nominees and by making false statements to employees of the IRS, who were attempting to collect the tax the Defendant owed to the United States.  Specific affirmative acts included:

1) On or about March 31, 2008, the Defendant directed $900,000, which was the proceeds from the sale of the "Crazy Horse" club, located in Philadelphia, Pennsylvania, to an offshore bank account located in the Cook Islands, of which he exercised control;

2) On or about November 19, 2008, the Defendant willfully engaged in a roundtrip transaction for the purpose of avoiding an IRS levy and seizure by depleting the assets of a bank account that he controlled by writing a check payable to "W.S." for $50,000 and then subsequently received $50,000 in cash back from "W.S.";

3) In or around August 2010, the Defendant knowingly made a false statement to an IRS attorney in the collections department, informing that attorney that he (the Defendant) had no income, no likely source of future income, no assets in his name, and no ability to pay; and

4) In or around 2011, the Defendant quit his job to prevent the IRS from garnishing his wages in order to satisfy his tax debt.

1    Thus, the Defendant acted willfully.

2    For sentencing purposes, the parties agree that the readily-provable total tax loss for Count

3    One of $1,723,340.31 and the total tax loss from relevant conduct of $861,075 equals a total tax loss

4    of $2,584,415.31.

5    **V.    COLLATERAL USE OF FACTUAL ADMISSIONS**

6    The facts set forth in Section IV of this Plea Agreement shall be admissible against the

7    Defendant under Fed. R. Evid. 801(d)(2)(A) at sentencing for any purpose.  If the Defendant does not

8    plead guilty or withdraws his guilty plea, the facts set forth in Section IV of this Plea Agreement shall

9    be admissible at any proceeding, including a trial, for impeaching or rebutting any evidence, argument

10   or representation offered by or on the Defendant's behalf.  The Defendant expressly waives all rights

11   under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 regarding the use of the facts set forth in Section

12   IV of this Plea Agreement.  However, no statement made by the Defendant at the change of plea

13   hearing(s) shall be used against him should the Court decide not to accept the terms of this binding

14   guilty plea agreement.

15   **VI.    APPLICATION OF SENTENCING GUIDELINES PROVISIONS**

16   A.    <u>Discretionary Nature of Sentencing Guidelines</u>.  The Defendant acknowledges that the

17   Court must consider the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines")

18   in determining the Defendant's sentence, but that the Sentencing Guidelines are advisory, not

19   mandatory.

20   B.    <u>Offense Level Calculations</u>.  The parties stipulate to the following calculation of the

21   Defendant's offense level under the Sentencing Guidelines, acknowledge that these stipulations do not

22   bind the Court, and agree that they will not seek to apply any other specific offense characteristics,

23   enhancements or reductions:

24   .  .  .

1.    [Income Tax Evasion]
        Base Offense Level [USSG § 2T1.1(a)]:      22
        Reductions:
            [Acceptance of Responsibility / USSG § 3E1.1(a)]: -2
            [Timeliness of Plea / USSG § 3E1.1(b)]:     -1

The United States Attorney will recommend the two-level reduction for acceptance of responsibility and the one-level reduction for timeliness of plea if the Defendant meets the provisions outlined in paragraph C below.

The Defendant acknowledges that the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the Defendant's sentence notwithstanding any applicable Sentencing Guidelines provisions.

C.    <u>Reduction of Offense Level for Acceptance of Responsibility</u>.  Under USSG § 3E1.1(a), the United States will recommend that the Defendant receive a two-level downward adjustment for acceptance of responsibility unless he (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when he enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when he enters his guilty plea; (c) provides false or misleading information to the United States, the Court, Pretrial Services, or the Probation Office; (d) denies involvement in the offense or provides conflicting statements regarding his involvement or falsely denies or frivolously contests conduct relevant to the offense; (e) attempts to withdraw his guilty plea; (f) commits or attempts to commit any crime; (g) fails to appear in court; or (h) violates the conditions of pretrial release.

Under USSG § 3E1.1(b), if the Court determines that the Defendant's total offense level, before operation of § 3E1.1(a), is 16 or higher, the United States will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing because the Defendant communicated his decision to plead guilty in a timely manner that enabled the United States to avoid preparing for trial and to efficiently allocate its resources.

These Sentencing Guidelines provisions, if applied, will result in a total offense level of 19.

D.    Criminal History Category.  The Defendant acknowledges that the Court may base his sentence in part on the Defendant's criminal record or criminal history.  The Court will determine the Defendant's Criminal History Category under the Sentencing Guidelines.

E.    Relevant Conduct.  The Court may consider any counts dismissed under this Plea Agreement and all other relevant conduct, whether charged or uncharged, in determining the applicable Sentencing Guidelines range and whether to depart from that range.

F.    Additional Sentencing Information.  The stipulated Sentencing Guidelines calculations are based on information now known to the parties.  The parties may provide additional information to the United States Probation Office and the Court regarding the nature, scope, and extent of the Defendant's criminal conduct and any aggravating or mitigating facts or circumstances.

Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for the Defendant to withdraw his guilty plea.

The Defendant acknowledges that the United States Probation Office may calculate the Sentencing Guidelines differently and may rely on additional information it obtains through its investigation.  The Defendant also acknowledges that the Court may rely on this and other additional information as it calculates the Sentencing Guidelines range and makes other sentencing determinations, and the Court's reliance on such information shall not be grounds for the Defendant to withdraw his guilty plea.

## VII.    APPLICATION OF SENTENCING STATUTES

A.    Maximum Penalty.  The maximum penalty for Attempt to Evade and Defeat the Payment of Tax under 26 U.S.C. § 7201 is a five-year prison sentence, a fine of $250,000, or both.

B.      Factors Under 18 U.S.C. § 3553.  The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining the Defendant's sentence.  However, the statutory maximum sentence limits the Court's discretion in determining the Defendant's sentence.

C.      Parole Abolished.  The Defendant acknowledges that his prison sentence cannot be shortened by early release on parole because parole has been abolished.

D.      Supervised Release.  In addition to imprisonment and a fine, the Defendant will be subject to a term of supervised release not to exceed three years.  Supervised release is a period of time after release from prison during which the Defendant will be subject to various restrictions and requirements.  If the Defendant violates any condition of supervised release, the Court may order the Defendant's return to prison for all or part of the term of supervised release, which could result in the Defendant serving a total term of imprisonment greater than the statutory maximum prison sentence of five years.

E.      Special Assessment.  The Defendant will pay a $100.00 special assessment per count of conviction at the time of sentencing.

## VIII.  RESTITUTION

A.      In exchange for benefits received under this Plea Agreement, the Defendant agrees to pay restitution to the Internal Revenue Service ("IRS") in the total amount of $2,637,290.37 under Title 18, United States Code, Section 3663(a)(3).

B.      The Defendant agrees that the total amount of restitution reflected in this agreement results from the Defendant's fraudulent conduct.

C.      The Defendant agrees that the total amount of restitution reflected in this agreement results from the Defendant's criminal conduct.  The total amount of restitution consists of the following:

. . .

| Tax Year | Amount to be Credited to Tax Due |
|----------|----------------------------------|
| 2002 | $1,621,198.07 |
| 2006 | $1,016.092.30 |

D.     These figures *do not* include any interest or penalties, including interest that may accrue under 18 U.S.C. § 3612. The Defendant agrees not to file any claim for refund of taxes or interest represented by any amount of restitution paid under this agreement. Except as set forth in the previous sentence, nothing in this agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties or interest due from the Defendant for the time period(s) covered by this agreement or any other time period.

E.     The Defendant agrees that restitution is due and payable immediately after the judgement is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the Defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgement in full.

F.     The Defendant understands that, if the Court orders the Defendant to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4). The Defendant understands that he does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). The Defendant understands that neither the existence of a restitution payment schedule, nor the Defendant's timely payment of restitution according to such schedule, will preclude the IRS from administrative collection of the restitution-based assessment, including through levy and distraint under 26 U.S.C. § 6331. Interest on the restitution-based assessment will accrue under 26 U.S.C. §§ 6601 and 6621 from the last date prescribed for payment of the liability that is the subject of the restitution order to the date that the IRS receives payment.

G.     The Defendant agrees that he will sign any IRS forms deemed necessary by the IRS to enable the IRS to make an immediate assessment of that portion of the tax and interest that he agrees to pay as restitution (see paragraph A).  The Defendant also agrees to sign IRS Form 8821, which is a "Tax Information Authorization."

H.     The Defendant agrees not to file any claim for refund or taxes, or penalties represented by an amount of restitution paid pursuant to this agreement.

I.     The parties understand that the Defendant will receive proper credit to his civil tax liability for the payments made under a restitution order. Except as set forth in the previous sentence, nothing in this agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties or interest due from the Defendant for the time period(s) covered by this agreement or any other time period.

J.     The Defendant agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the Defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time periods covered by this agreement or any other time period.

K.     The Defendant understands that he is not entitled to credit with the IRS for any payment sent to an incorrect address or accompanied by incomplete or inaccurate information, unless and until any payment is actually received by the IRS and identified by it as pertaining to his particular liability. The contact information for the Special Agent assigned to this case is as follows: SA Sam Holland, Internal Revenue Service, 110 City Parkway Las Vegas, Nevada 89106, Phone: (702) 868-5104.

L.     The Defendant agrees that, unless the Director of the Administrative Office of the United States Courts directs him otherwise, all payments made pursuant to the Court's restitution order are to be sent only to the Clerk of the Court at the following address: United States District Court,

1   District of Nevada, 333 S. Las Vegas Blvd., Las Vegas, Nevada 89101 Phone: (702) 464-5400.  With

2   each payment to the Clerk of the Court made pursuant to the District Court's restitution order, the

3   Defendant will provide the following information: (i) the Defendant's name and Social Security

4   number; the District Court docket number assigned to this case; (ii) tax years for which restitution has

5   been ordered; and, (iii) a statement that the payment is being submitted pursuant to the District Court's

6   restitution order.

7         M.      The Defendant agrees to include a request that the Clerk of the Court send the

8   information, along with the Defendant's payments, to the appropriate office of the Internal Revenue

9   Service.  The Defendant also agrees to send a notice of any payments made pursuant to this agreement,

10   including the information listed in the previous paragraph, to the IRS at the following address:  Internal

11   Revenue Service - RACS, Attn: Mail Stop 6261, Restitution, 333 W. Pershing Ave., Kansas City, MO,

12   64108.

13         N.      The Defendant understands that any restitution imposed by the Court may not be

14   discharged in whole or in part in any present or future bankruptcy proceeding.

15         O.      The parties agree that payments made by the Defendant to the Clerk toward restitution

16   in this matter shall, unless otherwise ordered subsequent to judgment, be credited toward the restitution

17   loss in this case.  The parties further agree that, unless otherwise ordered subsequent to judgment,

18   payments made by the Defendant to the Clerk toward the loss in this case shall also be credited toward

19   the restitution owed to the IRS in *United States v. Rizzolo, et al.*, 2:06-cr-00186-KJD-PAL.  The

20   Defendant acknowledges that neither the United States nor the IRS is precluded from enforced

21   collection in this matter regardless of any payments made to the Clerk for restitution.  By agreeing to

22   this term, the parties agree that this provision of the plea agreement does not constitute any double

23   jeopardy violation.

24   . . .

## IX.   POSITIONS REGARDING SENTENCE

**The parties will jointly recommend that the Court sentence the Defendant to a sentence of twenty-four (24) months of imprisonment, regardless of the Sentencing Guidelines range as calculated by the United States Probation Office or as determined by the Court, unless the Defendant commits any act that could result in a loss of the downward adjustment for acceptance of responsibility. The parties agree that such a sentence would be reasonable under 18 U.S.C. § 3553(a). The Defendant acknowledges that this sentence will be binding on the Court pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (C), unless the United States files a pre- or post-sentence downward departure motion under USSG § 5K1.1 or Fed. R. Crim. P. 35.**

**The parties also agree to recommend that the restitution amount is $2,637,290.37. The Government will also recommend that the Defendant be ordered to serve a term of two years of supervised release. These particular recommendations are not binding on the Court.**

This Plea Agreement does not require the United States to file any pre- or post-sentence downward departure motion under USSG § 5K1.1 or Fed. R. Crim. P. 35. Notwithstanding its agreement to recommend a sentence twenty-four (24) months, the United States reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

The Defendant will not request a sentence below twenty-four (24) months of imprisonment, and will not seek a downward adjustment pursuant to 18 U.S.C. § 3553 or USSG § 4A1.3(b)(1) from any sentence the Court may impose, unless the United States files a pre- or post-sentence downward departure motion under USSG § 5K1.1 or Fed. R. Crim. P. 35.

## X.   FINANCIAL INFORMATION AND DISPOSITION OF ASSETS

Before or after sentencing, upon request by the Court, the United States, or the Probation Office, the Defendant will provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning his assets and his ability to pay. The

1   Defendant will surrender assets he obtained directly or indirectly as a result of his crimes, and will

2   release funds and property under his control in order to pay any fine or restitution ordered by the Court.

3   **XI.   THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS**

4       A.   <u>Plea Agreement and Decision to Plead Guilty</u>. The Defendant acknowledges that:

5           (1)   He has read this Plea Agreement and understands its terms and conditions;

6           (2)   He has had adequate time to discuss this case, the evidence, and this Plea

7                Agreement with his attorneys;

8           (3)   He has discussed the terms of this Plea Agreement with his attorneys;

9           (4)   The representations contained in this Plea Agreement are true and correct,

10               including the facts set forth in Section IV; and

11          (5)   He was not under the influence of any alcohol, drug, or medicine that would

12               impair his ability to understand the Agreement when he considered signing this

13               Plea Agreement and when he signed it.

14      The Defendant understands that he alone decides whether to plead guilty or go to trial, and

15  acknowledges that he has decided to enter his guilty plea knowing of the charges brought against him,

16  his possible defenses, and the benefits and possible detriments of proceeding to trial. The Defendant

17  also acknowledges that he decided to plead guilty voluntarily and that no one coerced or threatened

18  him to enter into this Plea Agreement.

19      B.   <u>Waiver of Appeal and Post-Conviction Proceedings</u>. The Defendant knowingly and

20  expressly waives: (a) the right to appeal any sentence of up to twenty-four (24) months of

21  imprisonment; (b) the right to appeal the manner in which the Court determined that sentence on the

22  grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or

23  sentence and any order of restitution.

24      The Defendant also knowingly and expressly waives all collateral challenges, including any

claims under 28 U.S.C. § 2255, to his conviction or sentence, or any order of restitution up to $2,637,290.37 plus interest, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

The Defendant reserves the right to appeal any portion of the sentence that is more than twenty-four (24) months of imprisonment, or any order of restitution ~~up to~~ exceeding $2,637,290.37 plus interest.

The Defendant acknowledges that the United States is not obligated or required to preserve any evidence obtained in the investigation of this case.

C.     <u>Removal/Deportation Consequences</u>.  The Defendant understands and acknowledges that if he is not a United States citizen, then it is highly probable that he will be permanently removed (deported) from the United States as a consequence of pleading guilty under the terms of this Plea Agreement.  The Defendant has also been advised if his conviction is for an offense described in 8 U.S.C. § 1101(a)(43), he will be deported and removed from the United States and will not be allowed to return to the United States at any time in the future.  The Defendant desires to plead guilty regardless of any immigration consequences that may result from his guilty plea, even if the consequence is automatic removal from the United States with no possibility of returning. The Defendant acknowledges that he has specifically discussed these removal/deportation consequences with his attorneys.

## XII.     ADDITIONAL ACKNOWLEDGMENTS

This Plea Agreement resulted from an arms-length negotiation in which both parties bargained for and received valuable benefits in exchange for valuable concessions.  It constitutes the entire agreement negotiated and agreed to by the parties.  No promises, agreements or conditions other than those set forth in this agreement have been made or implied by the Defendant, the Defendant's attorneys, or the United States, and no additional promises, agreements or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before

1   the Court.

2                     STEVEN W. MYHRE,
                        Acting United States Attorney

3

4   DATE  5-31-17

5                     PHILLIP N. SMITH, JR.
                     Assistant United States Attorney

6

7   DATE  5/31/17

8                     REBECCA J. SABLE
                     Trial Attorney
                     Department of Justice, Tax Division

9

10   DATE 5/3/17

11                    RICHARD E. TANASI, ESQ.
                   SIGAL CHATTAH, ESQ.

12                   Counsel for the Defendant

13

14   DATE  5-31-2017

15                    FREDERICK JOHN RIZZOLO
                   Defendant

16

17

18

19

20

21

22

23

24