**RICHARD E. TANASI, ESQ.**
Nevada Bar No. 9699
**TANASI LAW OFFICES**
601 S. Seventh Street, 2nd Floor
Las Vegas, NV 89101
Telephone: (702) 906-2411
Facsimile: (866) 299-5274
*Attorney for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FREDERICK JOHN RIZZOLO,<br><br>Defendant. | CASE NO.:   **2:14-cr-00232-GMN-NJK**<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

**Certificate of Timely Filing:** This Motion was timely filed.

Defendant FREDERICK JOHN RIZZOLO (hereinafter "Mr. Rizzolo"), by and through his attorney of record, RICHARD E. TANASI, ESQ., of Tanasi Law Offices, and SIGAL CHATTAH of Chattah Law Group, hereby submit this document to aid the court in its determination of sentence in the above-captioned case.

/ / /

/ / /

/ / /

/ / /

- 1 -

# MEMORANDUM OF POINTS AND AUTHORITES

## I.

## STATEMENT OF RELEVANT FACTS

On, June 8, 2017, a plea agreement between Mr. Rizzolo and the Government was filed. The agreement was binding, pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (C). This Honorable Court "accepted the guilty plea." [Doc. 107].

The guilty plea agreement outlined the following *binding* terms, in part:

- "The parties will jointly recommend that the Court sentence the Defendant to a sentence of twenty-four (24) months, regardless of the Sentencing Guidelines range as calculated by the United States Probation Office or as determined by the Court…" [Doc. 109 at p.13]; and
- "The parties agree that such a sentence would be reasonable under 18 U.S.C. 3553(a)." [*Id.*].

The guilty plea agreement outlined the following *non-binding* terms, in part:

- "The parties agree to recommend that the restitution amount is $2,637,290.37." [*Id.*];
- "The Government will also recommend that the Defendant be ordered to serve a term of two years of supervised release." [*Id.*].

The United States Probation Office recommended the following, in relevant part:

- 46 month sentence;
- 3 years supervised release; and
- $2,637,290.37 restitution.

///

///

///

-2-

## II.

## LEGAL ARGUMENT

A.   **A 24-Month Sentence is Reasonable under 18 U.S.C. 3553(a).**

Mr. Rizzolo requests this Honorable Court follow the *binding* terms of the guilty plea agreement, and impose a 24-month sentence as reasonable under 18 USC § 3553(a). This Honorable court, in determining the particular sentence to be imposed, must consider the following factors:

>   (1)   the nature and circumstances of the offense and the history and characteristics of the defendant;
>   (2)   the need for the sentence imposed—
>       (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>       (B)   to afford adequate deterrence to criminal conduct;
>       (C)   to protect the public from further crimes of the defendant; and
>       (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>   (3)   the kinds of sentences available;
>   (4)   the kinds of sentence and the sentencing range established for—
>       (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>       …
>   (5)   any pertinent policy statement—
>       (A)  issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>       (B)  that, except as provided in section 3742(g) [18 USCS § 3742(g)], is in effect on the date the defendant is sentenced.[;]
>   (6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>   (7)   the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

These factors represent the major sentencing considerations of "retribution, deterrence, incapacitation and rehabilitation." *Tapia v. United States*, 564 U.S. 319, 325 (2011).  Section 3553(a) sets out what the court must consider in choosing the "particular sentence" that

complies with the "overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary,' to achieve the goals of sentencing." *Kimbrough v. United States,* 552 U.S. 85, 101, 128 S. Ct. 558 (2007*); See also Freeman v. United States*, 131 S. Ct. 2685, 2692 (2011). The judge "shall consider" the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1); the purposes of sentencing, § 3553(a)(2); the kinds of sentences available by statute, § 3553(a)(3); the kinds of sentence and sentencing range recommended by the Guidelines and any "pertinent" policy statement issued by the Commission, § 3553(a)(4) & (5); the need to avoid unwarranted disparities, § 3553(a)(6); and the need to provide restitution to any victims, § 3553(a)(7).

Here, the parties agree to a binding 24-month sentence.   This was a key element in the negotiations leading up to the guilty plea agreement.  Further, 24-months of incarceration is reasonable under § 3553 given the fact that Mr. Rizzolo has no violent criminal history, has a loving and supportive family (i.e. his son considers him his best friend), he will be roughly 62-years old when he is released from custody, he has "severe coronary artery disease but is stable…,"  and Mr. Rizzolo has been incident free while on pre-trial release since 2014. [*See, Mr. Rizzolo's Medical Record attached under seal for HIPPA concerns as Ex.A]*. As a result, a 24-month prison sentence reasonably considers retribution, deterrence, incapacitation and rehabilitation.

Should this Honorable Court elect not impose this sentence, Mr. Rizzolo requests he be permitted to immediately withdraw from his guilty plea agreement as expressly stated therein, under Fed. R. Crim. P. 11(c)(1)(A) and (C)[…If the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will:…(C) agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement)]; *see also,* Fed. R. Crim. P. 11(d)[A defendant may withdraw a plea of guilty or nolo contendere…(2) after the court

accepts the plea, but before it imposes sentence if: (A) the court rejects a plea agreement under 11(c)(5); or…].

**B.     6-Month Supervised Release is Reasonable under 18 U.S.C. 3553(a).**

The instant category D offense triggers a supervised release period of "not more than three years." 18 USC §3583(b)(2). Generally, "the court, in determining whether to include a term of supervised release, and, if a term of supervised release is to be included, in determining the length of the term and the conditions of supervised release, shall consider the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 USC §3583 (c). The imposition of supervised release is discretionary and not mandatory. Here, the government agreed to recommend a 24-month supervised release term. This recommendation, while not binding, was a key element of the negotiations. While Mr. Rizzolo appreciates the government's recommendation, he requests this Honorable Court order a 6-month supervised release term. 6-months of supervision following 24-months of incarceration is reasonable given § 3553 factors analyzed above.

**C.     $2,637,290.37 Restitution is Reasonable under 18 U.S.C. 3553(a).**

Mr. Rizzolo, the government, and the probation office agree the appropriate restitution amount in this case is: $2,637,290.37. Mr. Rizzolo requests this Honorable Court order nominal period payments towards restitution. 18 U.S.C.S. § 3664 (f)(3) states the following in this regard:

> (A)     A restitution order may direct the defendant to make a single, lump-sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments.
>
> (B)     A restitution order may direct the defendant to make nominal periodic payments if the court finds from facts on the record that the economic circumstances of the defendant do not allow the payment of any amount of a restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments.

Here, the PSR outlines Mr. Rizzolo's economic circumstances, which do not allow for the payment of any amount of a restitution order, and do not allow for the payment of the full

amount of a restitution order in the foreseeable future under any reasonable schedule of payments.

Further, in the GPA, the parties agreed to the following recommendation as to the application of restitution payments made in this case:

> 0. The parties agree that payments made by the Defendant to the Clerk toward restitution in this matter shall, unless otherwise ordered subsequent to judgment, be credited toward the restitution loss in this case. The parties further agree that, unless otherwise ordered subsequent to judgment, payments made by the Defendant to the Clerk toward the loss in this case shall also be credited toward the restitution owed to the IRS in *United States v. Rizzolo, et al.*, 2:06-cr-00186-KJD-PAL. The Defendant acknowledges that neither the United States nor the IRS is precluded from enforced collection in th.is matter regardless of any payments made to the Clerk for restitution. By agreeing to this term, the parties agree that this provision of the plea agreement does not constitute any double jeopardy violation.

As a result of the foregoing GPA-language, Mr. Rizzolo requests the following language appear in the judgment of conviction in this case:

> IT IS HEREBY ORDERED that payments made by the Defendant to the Clerk toward restitution in this matter shall, unless otherwise ordered subsequent to judgment, be credited toward the restitution loss in this case.

> IT IS HEREBY FURTHER ORDERED that unless otherwise ordered subsequent to judgment, payments made by the Defendant to the Clerk toward the loss in this case shall also be credited toward the restitution owed to the IRS in *United States v. Rizzolo, et al.*, 2:06-cr-00186-KJD-PAL.

> IT IS HEREBY FURTHER ORDERED that neither the United States nor the IRS is precluded from enforced collection in this matter regardless of any payments made to the Clerk for restitution.

## **III.**
### **CONCLUSION**

As such, based upon the foregoing, Mr. Rizzolo requests this Honorable Court:

- Impose a 24-month sentence;
- Impose a 6-month supervised release period;
- Order a $0.00 fine;

- Order the mandatory $100.00 special assessment be paid prior to Mr. Rizzolo's incarceration;
- Order restitution in the amount of $2,637,290.37 be paid by Mr. Rizzolo at a monthly rate of *not more* than 10% of any income earned under 18 USC § 3664 (f)(3) given Mr. Rizzolo's financial condition;
- Order Mr. Rizzolo's 10% nominal restitution payments not be due and payable until *after* Mr. Rizzolo has been released from incarceration and is thereafter employed, as a reasonable schedule of payments under 18 USC § 3664 (f)(3) given Mr. Rizzolo's financial condition;
- Order restitution payments be applied as follows:

    IT IS HEREBY ORDERED that payments made by the Defendant to the Clerk toward restitution in this matter shall, unless otherwise ordered subsequent to judgment, be credited toward the restitution loss in this case.

    IT IS HEREBY FURTHER ORDERED that unless otherwise ordered subsequent to judgment, payments made by the Defendant to the Clerk toward the loss in this case shall also be credited toward the restitution owed to the IRS in *United States v. Rizzolo, et al.*, 2:06-cr-00186-KJD-PAL.

    IT IS HEREBY FURTHER ORDERED that neither the United States nor the IRS is precluded from enforced collection in th.is matter regardless of any payments made to the Clerk for restitution.

- Recommend that Mr. Rizzolo be allowed to self-surrender to his designated facility on January 3, 2018; and
- Recommend that Mr. Rizzolo serve his prison time at Taft Correctional Institution.

DATED this 20th day of October 2017.

/s/
_____
RICHARD E. TANASI, ESQ.
SIGAL CHATTAH, ESQ.
Counsel for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 20th day of September, 2017, the undersigned served the foregoing **SENTENCING MEMORANDUM** on all counsel of record herein by causing a true copy thereof to be filed with the Clerk of Court using the CM/ECF system, which was served via electronic transmission by the Clerk of Court pursuant to local order.

          */s/ Richard Tanasi*
An employee of TANASI LAW OFFICES